**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

UNITED STATES

V.     CRIMINAL NO. 3:06-cr-00134 HTW JCS

MICHAEL DEVELL SMITH


RELATED CASES:

MICHAEL DEVELL SMITH     PETITIONER

VS.     CIVIL ACTION NO. 3:08-cv-535-HTW
     CIVIL ACTION NO. 3:09-cv-434-HTW

UNITED STATES OF AMERICA     RESPONDENT

_____

### **ORDER OF DISMISSAL**

PROCEDURAL HISTORY

Before the court are several motions submitted by the defendant Michael Devell Smith. The first of these motions [docket no. 50] filed on August 26, 2008, is styled "On Notice of Motion For 2255 ... And Motion For General Discovery For 2255 Proceedings And Incorporated Memorandum." This document is filed three times [*see* docket nos. 54 & 55] as the motion, the memorandum and a motion for discovery. The defendant explained therein that these filings were not an actual motion to vacate; instead, the filings served as notice of the defendant's intention to seek habeas corpus relief under § 2255 after a period of discovery.

Insofar as these filings could be regarded as Smith's motion to vacate, set aside or correct his sentence under Title 28 U.S.C. § 2255, the United States opposed it because the defendant had waived his right to challenge either his conviction or his sentence on any grounds, either directly on appeal or through a motion under § 2255.

Upon receiving the response of the United States, the defendant filed a motion to vacate under § 2255 [docket no. 56] on July 24, 2009. An additional copy was filed on August 23, 2011 [docket no. 73].

The court has considered all of defendant's pleadings as a singular motion to vacate; the Government's argument that the latter pleadings were successive motions is rejected.

The defendant also has filed a motion for copies [docket no. 25], a motion to supplement the record on appeal [docket no. 46], two motions to proceed in forma pauperis [docket nos. 53 & 57], a motion for leave to file excess pages [docket no. 58], and a motion for hearing [docket no. 59].

On October 20, 2006, defendant entered a plea of guilty to possession of a firearm by a convicted felon. The defendant and the United States reached an agreement set forth in a Plea Agreement dated September 27, 2006 [docket no. 9]. The Government agreed to recommend that the court impose a sentence "within the lower 50% of the applicable Sentencing Guidelines range as computed by the Court," which would be 24-27 months. The maximum statutory sentence for the crime was ten (10) years. As part of that written plea agreement, the defendant knowingly and voluntarily waived his right to challenge either his conviction or his sentence on any

grounds, including the present motions under 28 U.S.C. § 2255. Paragraph 12 of that Agreement states in relevant part as follows:

> 12. Waivers. Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:
>
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, ... .

On June 13, 2007, a Judgment was entered which sentenced the defendant to serve 60 months in custody of the Bureau of Prisons and thereafter three years of supervised release. Notwithstanding his agreement not to do so, the defendant filed a notice of appeal on June 22, 2007.

On appeal of this matter the United States moved to dismiss on the ground of waiver. The United States Court of Appeals for the Fifth Circuit agreed with the United States, granting the motion to dismiss and entered its Mandate on May 8, 2008. The United States Supreme Court denied certiorari on October 6, 2008.

## GROUNDS FOR RELIEF

Defendant's grounds for relief and supporting facts are quoted as follows from the motion to vacate [docket no. 73]:

3

**Ground one: Denial of effective assistance of counsel.** Attorney failed to present evidence and rebuttal evidence that the trial judge asked for. Attorney unlawfully induced and coerced defendant to accept plea deal. Attorney failed to object to obvious constitutional rights' violations of the Bill of Rights.

**Ground two: Prosecutorial misconduct in regards to due process.** The U.S. Attorney threatened the defendant in open court in order to coerce the defendant to accept plea deal. The U.S. Attorney knew that the defendant's attorney did not do his constitutional [*sic*] but did not mention this fact.

**Ground three: Violation of due process.** The U.S. Attorney and the defendant's Attorney knew that the judge was considering enhancement of the sentence. Both failed to ensure that the facts were presented after several continuances, for exactly those purposes.

**Ground four: Illegal search and seizure**. Law enforcements entered and obtained evidence from the defendant's home after he was secured outside of his home. Officer lied to the court to gain a search warrant.

In his Memorandum in Support, docket nos. 56 & 74, Smith lists his grounds as (1) denial of effective assistance of counsel; (2) denial of due process in the pretrial phase; (3) denial of due process in regards to search and seizure; (4) denial of protection from illegal search and seizure; (5) denial of due process in sentencing phase; and (6) denial of due process in regards to prosecutorial misconduct. The court has considered all of the allegations in defendant's pleadings as part of his § 2255.

### REQUEST FOR DISCOVERY AND HEARING

Defendant has asked that he be allowed discovery in connection with his motion to vacate [docket no. 54] and that a hearing be conducted [docket no. 59]. Although Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts grants the Court discretion to authorize discovery upon a showing of good

cause, conclusory allegations do not entitle one to discovery and Rule 6 does not authorize fishing expeditions. See *United States v. Webster*, 392 F.3d 787, 801-02 (5th Cir. 2004 (holding that "[c]onclusional allegations are insufficient to warrant discovery; the petition must set forth specific allegations of fact"). Discovery and evidentiary hearings must be allowed by the district court only in cases in which "a factual dispute, if resolved in the petitioner's favor, would entitle him to relief...." *Id.*, *quoting Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir. 1994).

In this case, defendant seeks discovery only to challenge factual information which was presented at the sentencing hearings and was considered by the undersigned in sentencing defendant. Yet, even if some of the testimony given was determined to be inaccurate, defendant would still not be entitled to relief. Defendant waived any claims regarding his sentencing, and his agreement to plead guilty would not be rendered invalid even if some of the testimony presented was untrue. Because he has not alleged any factual dispute which, if resolved in his favor, would entitle him to relief, defendant's claims do not warrant discovery or an evidentiary hearing. The court denies Smith's motion for discovery and his request for a hearing [docket nos. 54 & 55].

## ADDITIONAL MOTIONS

Defendant filed two motions to proceed *in forma pauperis* [docket nos. 53 & 57]. As there is no filing fee required under Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court finds that defendant's applications to proceed *in forma pauperis* should be denied.

5

Defendant filed a motion for copies [docket no. 25], a motion to supplement the appeal record [docket no. 46], and a motion for leave to file excess pages [docket no. 58]. These motions are hereby granted; transcripts were provided and the record was supplemented by agreement.

## ANALYSIS OF THE LAW REGARDING MOTIONS TO VACATE

Pursuant to § 2255(a), a prisoner in custody may move under limited circumstances to "vacate, set aside or correct the sentence." Even so, "a defendant can waive his right to file a section 2255 motion." *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). Waivers, argues the United States, are enforceable where the waiver language in the plea agreement is clear and unambiguous and the defendant knowingly and voluntarily waived his rights. *Id.* The right to appeal a conviction and sentence is a statutory right, not a constitutional one, and a defendant may waive it as part of a plea agreement. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). This court agrees with the United States that an informed and voluntary waiver of post-conviction relief is effective to bar that relief. *United States v. Wilkes*, 20 F.3d at 653.

The record shows that defendant entered into a Plea Agreement through which he agreed to plead guilty to Possession of a Firearm by a Convicted Felon, Count 1 as charged in the indictment. A change of plea hearing conducted on October 19, 2006, was continued in order for the defendant to discuss with his counsel the term "knowingly" in connection with possessing a firearm as charged. The next day, October 20, 2006, defendant entered a guilty plea, admitting that he was in possession of only

6

the guns found in the storage room. Defendant acknowledged that he was guilty of violating Title 18, United States Code, Section 922(g)(1); he had read and understood the Memorandum of Understanding; that he understood the maximum penalties that could be imposed by the Court at sentencing; and that he was waiving his right to appeal or contest his conviction and sentence in a post-conviction pleading. Sentencing hearings were conducted on January 19, 2007, on January 22, 2007, and April 23, 2007.

The waivers included in the plea agreement were those quoted above under the procedural history section, as well as the following paragraph regarding the court:

> 5. **This Agreement Does *Not* Bind the Court.** It is further understood that the Court, in accord with the principles of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, is not required to accept the recommendation of the U.S. Attorney's Office, but may sentence Defendant to the maximum fine and imprisonment as provided by law, and the government has no other obligation in regard to sentencing than as stated in Paragraph Number 2.

The court has reviewed the plea agreement and has considered the testimony at the defendant's plea hearing and sentencing hearings. Based on the testimony and the court's own observations, the court finds that defendant's guilty plea and waiver of rights were knowingly, intelligently, and voluntarily made.

The United States Court of Appeals for the Fifth Circuit has held that "[a] voluntary waiver and unconditional guilty plea has the effect of waiving all nonjurisdictional defects in the prior proceeding." *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *United States v. Wilkes*, 20 F.3d at 653. The court finds that under the express language of the plea agreement, defendant waived his right to contest his conviction, sentence, or the manner in which his sentence was imposed. Accordingly,

the court finds that defendant has waived the following arguments raised in his Motion to Vacate: (1) prosecutorial misconduct; (2) violation of due process; and (3) illegal search and seizure. All of these allegations of error relate only to nonjurisdictional "defects"; defendant does not challenge the entry of the plea itself or contend that he was not guilty of the crime to which he plead guilty. The issue of his waiver was directly challenged on Smith's direct appeal to the Fifth Circuit, and that Court upheld the validity of the waiver. The United States Supreme Court also denied certiorari. Those rulings are binding on this court.

Under Fifth Circuit precedent, only defendant's claim of ineffective assistance of counsel may, in limited circumstances, survive his waiver of rights. *See United States v. White*, 307 F.3d 336, 337 (5th Cir. 2002) (holding "that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"), *United States v. Wise,* 179 F.3d 184, 186 (5th Cir. 1999). As explained by the Fifth Circuit:

> We ... hold that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself. We agree with [*Jones v. United States*, 167 F.3d 1142 (7th Cir. 1998)] and [*Mason v. United States*, 211 F.3d 1065 (7th Cir. 2000)] that an impermissible boot-strapping arises where a waiver is sought to be enforced to bar a claim that the waiver itself - or the plea agreement of which it was a part - was unknowing or involuntary. This court addressed that problem in [*United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)]. Where the movant's claim does not involve that sort of boot-strapping, however, we see no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. See *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently. See *Johnson v. Zerbst*, 304 U.S. 458 (1938).

*White*, 307 F.3d at 343. Thus, under Fifth Circuit precedent, an ineffective assistance of counsel claim survives a waiver of appeal only in cases in which the claimed assistance directly affected the validity of the waiver or the plea itself. *Id.* In this case, the claim of ineffective assistance would not render the plea or the waiver "unknowing" or "involuntary." Defendant contends that his attorney was not prepared to defend the allegations made at the sentencing hearing, and that he was ineffective for that reason. Yet, this claim only goes to the sentencing, and the waiver clearly applied to the sentence imposed by the court.

In the event a claim of ineffective assistance of counsel has not been waived, it is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim under Strickland, the defendant must prove (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense. *Id.* at 687. As further explained by the United States Supreme Court:

> To establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness. To establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Williams v. Taylor*, 529 U.S. 362, 390-91 (2000)(citations omitted). If the Court finds that one of the *Strickland* requirements is not satisfied, it need not consider the other. See *Buxton v. Lynaugh*, 879 F.2d 140, 142 (5th Cir. 1989)(finding that *"Strickland* allows the habeas court to look at either prong first; if either one is found dispositive, it

9

is not necessary to address the other."). In the context of a guilty plea, in order to satisfy the prejudice requirement of the second *Strickland* prong "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). See also *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994)(finding that "[a] mere allegation of prejudice is not sufficient to satisfy the prejudice prong of the Strickland test. A [defendant] must establish that but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial.").

At his plea hearing, after having been sworn by the court, defendant affirmed that he had not been coerced or otherwise threatened or improperly induced to enter his guilty plea. He further represented that he read, understood, discussed with counsel, and agreed with the terms of the plea agreement and signed the Memorandum of Understanding. This court questioned defendant as to whether he understood that he could be sentenced to the maximum sentence, and not to the term set forth in plea agreement. Defendant assured this court that he did understand that the sentencing recommendation was not binding on the court. Defendant made no complaints to the court regarding his counsel's representation.

Defendant now asserts that his counsel threatened him to accept the plea and conducted an inadequate preparation and investigation related to the plea agreement. [docket 56, p. 8.] He contends he received ineffective assistance of counsel because his attorney failed to investigate and disprove assertions made by certain witnesses at the sentencing hearing; he contends that his attorney was not "prepared." Defendant,

10

however, has not presented any evidence as to precisely what an additional investigation would have revealed, what mitigating facts/evidence would have been discovered, or the manner in which they would have prevented him from pleading guilty to the crime. All of the facts defendant disputes relate only to the sentencing hearing; they do not go to voluntariness of the plea. He also sets forth no supporting factual basis for his conclusory allegations that his attorney "threatened" him to force him to plead guilty. As such, the Court finds he is not entitled to relief on this claim. See *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)(explaining that a "defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.").

The court finds that because defendant's complaints regarding his counsel do not directly affect either the validity of Smith's guilty plea or waiver of rights, they do not not survive the waiver set forth in the plea agreement. Even if a waiver had not been made, Smith's claims regarding his attorney do not meet the *Strickland* two-prong test and fail on the merits. Accordingly, the court finds that Smith is not entitled to relief under 28 U.S.C. § 2255 based on this claim of ineffective assistance of counsel.

## CONCLUSION

After reviewing the record in this case, the arguments made by defendant in his pleadings, and controlling Fifth Circuit case law, the court finds that defendant's Motion to Vacate, as amended, is not well taken on the merits and should be denied.

IT IS THEREFORE ORDERED that defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, as amended, [docket nos. 50, 56 & 73] are

hereby denied.

IT IS FURTHER ORDERED that these causes be finally dismissed with prejudice. A separate Final Judgment shall be entered this day.

SO ORDERED, this the 29th day of September, 2011.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

CRIMINAL NO. 3:06-cr-00134 HTW JCS
Order of Dismissal